CRAWLEY, Judge.
In September 1997, Gary Holt and Janet Holt sued Paul D. Chase and Jayne R. Chase for damages, alleging a breach of a real estate sales contract. The case was tried without a jury. Following the trial, the trial court concluded that the Chases had breached the contract and ordered them to pay $9,573.80 as damages representing interest and attorney fees. The Chases filed a post-judgment motion, which the trial court denied.
The Chases appeal, arguing that the trial court erred by awarding the Holts damages, for interest they paid to their mortgagee for the eight months while they were trying to sell the real estate to another buyer. At the end of the eight-month period, the Holts deeded their interest in the property to their mortgagee in lieu of foreclosure. The Chases do not contest the portion of the damages awarded to the Holts for attorney fees.
The Chases first argue that the damages for the interest paid to the mortgagee are not consequential damages. We disagree. Our supreme court has held that the mortgage payments a seller makes between the time of a breach of a contract to purchase *499 and the time the real estate is sold to another buyer are proper consequential damages. Ashurst v. Rosser, 275 Ala. 168, 153 So.2d 240 (1963). If the entire mortgage payment is a proper measure of consequential damages, then the interest on a mortgage is also a proper measure of consequential damages, and the trial court did not err in awarding consequential damages for the interest the Holts continued to pay to their mortgagee.
The Chases next argue that the trial court erred in its calculation of the Holts’ damages. The trial court computed the damages with an 8% interest rate for eight months. The Holts actually were paying 10% interest on the mortgage. The trial court actually awarded the Holts less in damages than they were entitled to. The Chases actually benefited from the trial court’s calculation.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ„ concur.
MONROE, J., concurs in the result.